### James Small, etc., v. Samuel Drabell.

**Champerty and Maintenance—Conveyance—Title.**

Where W. purchased land and S. paid the purchase price and built a house thereon, and W. with the consent of S. sold and conveyed the property in payment of a firm debt of W., S. & Co., the deed passed a good title to the purchaser as against S. and his creditors, regardless of the state of the possession.

APPEAL FROM TODD CIRCUIT COURT.

November 10, 1873.

Opinion by Judge Hardin:

If it be concluded that by the purchase of Woolridge and the payment by Spencer Small of the price of the ground on which the house in controversy was built, and the fact that said Small erected the house, at his own cost, he had such an equitable interest in the house and lot as might have been subjected to his debts, although the written evidence of title, both equitable and legal, was in Woolridge; still if with said Small's sanction or concurrence Woolridge sold and conveyed the property to the appellee, through Gardner, in payment of the debt of the firm of Small, Woolridge & Co., we are of the opinion that the deed of Woolridge passed a good title to the appellee, as against Small and his creditors, whatever may have

been the state of the possession, and whether it was at the time in the firm, then closing its business, or in Small or Thompson, as his tenant, for in neither of these states of the case could the validity of Woolridge's deed have been affected by the statute against champertous conveyances. The testimony of Gardner, which is to some extent corroborated, is in effect that Small not only assented to the sale, but directed him to Woolridge to make the sale. Small himself admitted in his testimony that he at one time assented to the making of the sale, conditionally, but says he withdrew his consent because his partners would not compensate him in notes and accounts in compliance with said condition, but he does not in any distinct form attempt to prove that he notified Gardner of the withdrawal of his consent, but, as to this, he says only that he informed him that if he bought the property he would bring a lawsuit. In view of all the evidence, it seems to us that the conclusion is sustained that Gardner, acting for the appellee, made the purchase and accepted the deed of Woolridge with, and on the faith of the assent of Spencer Small, and the subsequent sale and purchase of the appellant passed to them no right or interest in the property.

We see no reason why Gardner was not a competent witness when he gave his deposition.

Wherefore the judgment is *affirmed.*

*Petrie & Reeves, for appellant.*

*Bush, for appellee.*